UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Marvin Tadashi Matsuda, et al.,

                    Plaintiffs

v.

Kush Modi, et al.,

                    Defendants

Case No. 2:24-cv-02247-CDS-BNW

**Order Dismissing Action and
Closing Case**

This case has laid dormant since the filing of an amended complaint in December 2024. Plaintiffs Marvin Tadashi Matsuda and Lucinda Shea were notified that because of this lack of activity, their continued failure to prosecute would result in dismissal on January 20, 2026. Notice, ECF No. 11. That deadline passed, and the plaintiffs have not responded in any manner whatsoever.

It is well established that district courts have the authority to dismiss an action based on a party's failure to prosecute, failure to obey a court order, or failure to comply with local rules. Fed. R. Civ. P. 41(b); *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules). In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Ghazali*, 46 F.3d at 53; *Malone*, 833 F.2d at 130; *Henderson*, 779 F.2d at 1423–24.

The first three factors—the public's interest in expeditiously resolving this litigation, the court's interest in managing its docket, and the risk of prejudice to defendants—weigh in favor of dismissal. The Ninth Circuit has held that "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Here, the plaintiffs have failed to engage with this case in any meaningful way since December of 2024.[1] *See* Am. compl., ECF No. 6; Summons, ECF No. 7. And the plaintiffs failed to respond to the notice of intent to dismiss based on their failure to prosecute. This lack of response shows that they do not intend to litigate this case diligently or expeditiously. Although the mere pendency of a lawsuit cannot constitute sufficient prejudice to require dismissal, "a presumption of prejudice arises from a plaintiff's unexplained failure to prosecute." *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002) (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 400–01 (9th Cir. 1998)). A plaintiff has the burden of demonstrating a non-frivolous reason for failing to meet a court deadline. *Laurino*, 279 F.3d at 753. The plaintiffs have not provided an explanation, non-frivolous or otherwise, for their failure to prosecute this case.

The fourth factor, the public policy favoring disposition of cases on their merits, weighs against dismissal. "At the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006). "[T]his factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," therefore "dismissal would be appropriate if the plaintiff has clearly ignored his responsibilities to the court in prosecuting the action and the defendant had suffered prejudice as a result thereof." *Id.*; *see also In re Eisen*, 31 F.3d 1447, 1454 (9th Cir. 1994). So, the fourth factor is greatly outweighed.

---

[1] Although the plaintiffs filed proof of service on March 24, 2025 (ECF No. 10), this too was done only in response to the court's notice of intent to dismiss pursuant to Rule 4 of the Federal Rules of Civil Procedure (ECF No. 9).

The fifth factor, the availability of less drastic sanctions, also weighs in favor of dismissal. Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson*, 779 F.2d at 1424. A court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Such warning was given here—twice. *See* Notices, ECF Nos. 9, 11. Thus, the fifth factor favors dismissal.

In sum, considering the dismissal factors and Local Rule 41-1, which allows for the dismissal of civil actions pending for more than 270 days without any proceeding of record, I find that dismissal is warranted. The plaintiffs have abandoned their prosecution of this matter. It is therefore ordered that the plaintiffs' claims are dismissed without prejudice. The Clerk of Court is kindly directed to close this case.

Dated: January 22, 2026

_____
Cristina D. Silva
United States District Judge

3